**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **RUBEN ALBERTO DELGADO, JR.,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 1:16-89** |
| | § | **Criminal No. B:11-716-1** |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On May 9, 2016, Petitioner Ruben Alberto Delgado Jr. filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1. The Government has filed a response. Dkt. No. 6.

After reviewing the record and the relevant case law, the Court **RECOMMENDS** that the petition be denied, because it is plain from the record that the petition is legally meritless.

## I. Procedural and Factual Background

On August 16, 2011, a federal grand jury – sitting in Brownsville, Texas, – indicted Delgado for: (1) conspiracy to possess with the intent to distribute more than 28 grams of cocaine; (2) possession with the intent to distribute more than 28 grams of cocaine; and (3) being a felon in possession of ammunition. U.S. v. Delgado, Criminal No. 1:11-716-1, Dkt. No. 7 (hereinafter "CR"). Count one alleged a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and § 846. Id. Count two charged a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Id. The third count – relating to possession of ammunition – was in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). Id.

### A. Re-Arraignment

On October 4, 2011, Delgado appeared before the District Judge and entered a guilty plea – pursuant to a written plea agreement[1] – to possession with the intent to distribute more

---

[1] The Court notes that the plea agreement included a written waiver of appellate rights. CR Dkt. No. 16. The Government has not moved for specific performance of the plea agreement. Dkt. No. 9. By not affirmatively moving to enforce the plea agreement, the Government has waived its

than 28 grams of cocaine and being a felon in possession of ammunition. CR Dkt. No. 16.

At the re-arraignment, Delgado was asked if he had "gone over the indictment -- that is, the written charge that the government has made against you -- with [your attorney]?" CR Dkt. No. 38, pp. 6-7. Delgado replied, "Yes." <u>Id</u>.

When asked if he was "satisfied with the advice and explanations [counsel has] given you?," Delgado replied, "Yes, sir." <u>Id</u>.

Delgado was asked if he read his plea agreement and went over it with his counsel prior to signing it; he replied, "Yes, your honor, I did." CR Dkt. No. 38, pp. 8. When asked if he "understood exactly what [he was] agreeing to when [he] . . . sign[ed] these documents," Delgado said, "Yes, sir." <u>Id</u>.

The District Judge then explained to Delgado that he had the right to a jury trial; that at that trial he would be presumed innocent; and that the Government would be required to prove Delgado's guilt beyond a reasonable doubt. CR Dkt. No. 38, pp. 11-14. The District Judge also explained to Delgado that he had the right to compel witnesses to testify on his behalf and the right to remain silent at trial. <u>Id</u>.

**B. Sentencing & Direct Appeal**

In the final presentence report ("PSR"), Delgado was assessed a base offense level of 26, predicated upon a relevant conduct finding that Delgado was accountable for 52.5 grams of cocaine. CR Dkt. No. 22, p. 5. Delgado was also assessed a two-level enhancement for maintaining a premises for manufacturing or distributing cocaine. <u>Id</u>. <u>Id</u>. Delgado received a three-level reduction for acceptance of responsibility. <u>Id</u>, p. 6. Thus, Delgado was assessed a total offense level of 25.

Notwithstanding this offense level, Delgado's criminal history also included two prior convictions for a crime of violence. This fact, combined with his controlled substance conviction in the instant case, mandated that he be sentenced as a "career offender" under

---

rights seek the benefit of the waiver. <u>See</u> <u>U.S. v. Del Toro-Alejandre</u>, 489 F.3d 721, 723-24 (5th Cir. 2007) (the enforcement of a waiver of appellate rights "must be asserted by the government or be deemed waived, functioning much like affirmative defenses."). This finding does not change the ultimate outcome in this case because Delgado's claims are meritless.

U.S.S.G. § 4B1.1. CR Dkt. No. 22, p. 6.  As a result, his base offense level was increased to 34. Id.  After the three-level reduction for acceptance of responsibility was re-applied, his revised total offense level was 31.

Regarding his criminal history, Delgado had five adult criminal convictions and was assessed nine criminal history points. CR Dkt. No. 22, pp. 7-10.  He was also assessed an additional two points, because he was on probation at the time that he committed the instant offense. Id.  Thus, he was assessed 11 total criminal history points, resulting in a criminal history category of V. Id.  Again – despite the criminal history points – because Delgado qualified as a career offender, his criminal history category was automatically placed at category VI, pursuant to U.S.S.G. § 4B1.1(b). Id, p. 10.  A base offense level of 31 and criminal history category of VI, produced a guideline imprisonment sentencing range of 188 to 235 months.  Pursuant to U.S.S.G. § 3D1.1, this sentencing range was applicable to both counts that he pled guilty to.

Notwithstanding this fact, the maximum statutory punishment for Count Three – felon in possession of ammunition – was 120 months.  Accordingly, the sentencing guideline range for that count was reduced to 120 months. U.S.S.G. § 5G1.1(c)(1).  The guideline range for Count Two remained at 188 to 235 months.

On March 1, 2012, Delgado's counsel filed a motion for a downward departure, arguing that while Delgado qualified as a career offender, such a designation (and the resulting increased sentence) overstated his dangerousness to the community. CR Dkt. No. 26.

On March 7, 2012, the Government filed a motion for a downward departure of up to one fourth from Delgado's sentence, based on substantial assistance. CR Dkt. No. 27.

On March 8, 2012, the District Judge held the sentencing hearing and granted both the Government's and Delgado's motions for downward departures. CR Dkt. No. 40, p. 8.

As to Count two – possession with intent to distribute cocaine – the District Court sentenced Delgado to 120 months of imprisonment; four years of supervised release; and a $100 special assessment fee. CR Dkt. No. 28.  On Count three – felon in possession of ammunition – the District Court sentenced Delgado to 90 months of imprisonment; three

years of supervised release and a $100 special assessment fee. Id. The sentences were ordered to run concurrently. Id. The judgment was entered on March 15, 2012. Id.

Neither the District Court docket, nor the Fifth Circuit docket, reflect the filing of a direct appeal. A notice of appeal must be filed within 14 days from the entry of judgment. FED. R. APP. P. 4(b)(1)(A), 26(a)(2). Therefore, Delgado's deadline for filing a notice of appeal passed on March 29, 2012.

### C. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On May 9, 2016, Delgado filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1. In his motion, Delgado raises two claims: (1) that the "career offender" designation in the sentencing guidelines is void for vagueness, under the rationale of Johnson v. U.S., 135 S.Ct. 2551 (2015); and (2) that his lawyer was ineffective for failing to adequately investigate the case before advising Delgado to plead guilty. Id.

On July 11, 2016, the Government filed a response. Dkt. No. 9. As to the first issue, the Government noted that the Supreme Court was considering that exact legal issue in Beckles v. U.S. Case No. 15-8544, and this Court should not rule until the Supreme Court's decision was issued. As to the second issue, the Government asserted that it was not timely filed and was conclusory.

On March 6, 2017, the Supreme Court held that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause," foreclosing any application of Johnson to the Guidelines. Beckles v. U.S., __U.S.__, 137 S. Ct. 886, 890 (2017).

## II. Applicable Law

### A. Section 2255

Delgado seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise

subject to collateral attack, may move the court which imposed the sentence
to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Where a petitioner exhausts or waives his direct appeal, the Court is entitled to presume that he was fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991).

As relevant here, the Antiterrorism and Effective Death Penalty Act ("AEDPA"), as it applies to 28 U.S.C. § 2255, imposes a 1-year period of limitation from the date on which judgment of conviction becomes final. 28 U.S.C. § 2255 (f)(1). This operates as a statute of limitations, rather than a jurisdictional bar, and is subject to equitable tolling. Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).

The doctrine of equitable tolling is reserved for "rare and exceptional circumstances." Id. A petitioner bears the burden of establishing that equitable tolling is appropriate. U.S. v. Petty, 530 F.3d 361, 365 (5th Cir. 2008). The principle application of equitable tolling is where the petitioner has been actively misled about the cause of action or is "prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). Equitable tolling is applicable only where a petitioner has otherwise diligently pursued his claim. Id. at 403.

The federal habeas statute also provides for a one-year statute of limitation period that runs from "the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral appeal." 28 U.S.C. § 2255(f)(3); Dodd v. U.S., 545 U.S. 353, 359 (2005) (a one-year limitation period runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable to cases on collateral review). The Court notes that the Supreme Court's decision in Johnson was released on June 26, 2015.

**B. Ineffective Assistance of Counsel**

An ineffective assistance of counsel claim brought under § 2255 is subject to the two-prong analysis articulated in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). <u>U.S. v. Grammas</u>, 376 F.3d 433, 436 (5th Cir. 2004). To establish ineffective assistance, the petitioner must show: (1) that defense counsel's performance was deficient; and, (2) that the deficient performance prejudiced the defendant. <u>Id</u>. To prove that counsel's performance was deficient, a petitioner must show that "it fell below an objective standard of reasonableness." <u>U.S. v. Juarez</u>, 672 F.3d 381, 385 (5th Cir. 2012). Courts will not "audit decisions that are within the bounds of professional prudence." <u>U.S. v. Molina-Uribe</u>, 429 F.3d 514, 518 (5th Cir. 2005).

Prejudice is established by proving "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694.

Moreover, a defendant is "entitled to effective assistance of counsel at all stages of his criminal trial, including the sentencing phase." <u>Ransom v. Johnson</u>, 126 F.3d 716, 721 (5th Cir. 1997). A defendant may show prejudice at sentencing if counsel's ineffective assistance resulted in any additional incarceration. <u>Glover v. U.S.</u>, 531 U.S. 198, 203 (2001) (noting that "any amount of jail time has Sixth Amendment significance.").

**III. Analysis**

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." <u>U.S. v. Bartholomew</u>, 974 F.2d 39, 41 (5th Cir. 1992). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Delgado's claim, the Court is required to construe allegations by <u>pro se</u> litigants liberally, to ensure that their claims are given fair and meaningful consideration, despite their unfamiliarity with the law. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). While

the Court will "read <u>pro se</u> complaints liberally, <u>pro se</u> litigants must still comply with the law and procedural rules." <u>Washington v. E. Baton Rouge Par. Sch. Sys.</u>, 471 F. App'x 306 (5th Cir. 2012).

### A. Crime of Violence

Delgado asserts that the "crime of violence" definition used in the Sentencing Guidelines "career offender" enhancement is void for vagueness under the rationale of <u>Johnson</u>.[2] This claim is foreclosed by case law.

As previously noted, the Supreme Court categorically held that the Sentencing Guidelines "are not subject to a vagueness challenge under the Due Process Clause." <u>Beckles</u>, 137 S. Ct. at 892. Accordingly, Delgado's attempt to attack his "career offender" enhancement as being void for vagueness must fail. This claim should be denied.

### B. Ineffective Assistance of Counsel

Delgado has also asserted that his counsel was ineffective for failing "to adequately investigate case before advising petitioner to plead guilty." Dkt. No. 1-1. p. 3. The Court must first address whether this claim was timely filed.

As relevant here, a federal habeas petition must be filed one year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Delgado's conviction became final when the period for filing a direct appeal expired. <u>U.S. v. Plascencia</u>, 537 F.3d 385, 388 (5th Cir. 2008). Thus, Delgado's conviction became final on March 29, 2012. He had until March 29, 2013, to timely file this claim. 28 U.S.C. § 2255(f)(1). He did not file this petition until May 9, 2016, over three years after the deadline expired.

Furthermore, Delgado has not established any basis for equitable tolling of his claim. As previously noted, equitable tolling is reserved for exceptional circumstances. <u>Davis</u>, 158 F.3d at 811. Delgado has not pled any such circumstances and none are apparent from the

---

[2] Delgado's claim that his career offender enhancement was void for vagueness, which was based upon <u>Johnson</u>, was timely, because it was filed May 10, 2016. That date is within one year of the date <u>Johnson</u> was decided, June 26, 2015. Accordingly, this claim, while meritless, was timely. As discussed in the next section, this analysis does not apply to Delgado's ineffective assistance claim.

record. This claim should be dismissed as untimely filed.

However, even if the Court were to equitably toll this claim, it should be denied as meritless.

"A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome." Cox v. Stephens, 602 F. App'x 141, 146 (5th Cir. 2015) (unpubl.) (quoting Nelson v. Hargett, 989 F.2d 847, 850 (5th Cir. 1993)). Delgado has not alleged, with any specificity, what the investigation would have revealed or how it would have altered the outcome of his case.

Accordingly, his claim is conclusory and meritless and should be denied.

## IV. Recommendation

WHEREFORE it is **RECOMMENDED** that the Petitioner Ruben Alberto Delgado's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DENIED** as meritless.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Delgado's § 2255 motion and the applicable Fifth Circuit precedent,

the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Delgado's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on April 19, 2017.

Ronald G. Morgan
United States Magistrate Judge